

OCT 5 1998

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA L. CHRISTIE, d/b/a B & J<br>ENTERPRISES, LTD., AAA CREDIT<br>ASSOCIATION, AAA CREDIT SERVICES,<br>and A CREDIT SERVICES,<br><br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 2:98-0546-12<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED JUDGMENT AND ORDER

Plaintiff United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), has commenced this action by filing the Complaint herein. Defendants Andrea L. Christie, B & J Enterprises, Ltd., AAA Credit Association, AAA Credit Services, and A Credit Services have been served with the summons and the complaint. The parties to this action are represented by the attorneys whose names appear hereafter; and the parties agree to settlement of this action without adjudication of any issue of fact or law and without the defendants admitting liability for any of the violations alleged in the Complaint;

NOW, THEREFORE, on the joint motion of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

N:\JDD\JGRIFFIT\CHRISTIE\CONSENT.DEC

## FINDINGS

1. This Court has jurisdiction of the subject matter of this case and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45, 56(a), 57b, and 1679h(b)(2).

2. The Complaint states a claim upon which relief may be granted against the defendants, under Sections 5(a), 5(m)(1)(A), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 57b; and under Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).

3. The activities of the defendants as alleged in the Complaint are or were in or affecting commerce, as defined in 15 U.S.C. § 44. The activities of the defendants as alleged in the Complaint bring them within the definition of "credit repair organization" as defined in 15 U.S.C. § 1679a(3), in that, inter alia, they used instrumentalities of interstate commerce or the mails to sell, provide or perform (or represent that they can sell, provide or perform) the services covered by the CROA.

4. Entry of this Order is in the public interest.

5. The defendants enter into this Stipulated Judgment and Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Stipulated Judgment and Order and are prepared to abide by them. Defendants have waived all rights to seek appellate review of, or otherwise challenge or contest the validity of, this Order.

6. All parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Judgment and Order.

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC                    2

## DEFINITIONS

For the purpose of this Stipulated Judgment and Order, the following definitions shall apply:

A. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term;

B. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services;

C. "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

## ORDER

### I.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that defendants, their successors, assigns, officers, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division or other device, are hereby permanently restrained and enjoined from:



A. Representing, directly or by implication, that anyone can improve substantially consumers' credit reports or profiles by permanently removing bankruptcies, liens, judgments, charge-offs, late payments, foreclosures, repossessions, and other negative information from consumers' credit reports, even where such information is accurate and not obsolete;

B. Misrepresenting that any consumer's credit reports or profiles can be substantially improved by permanently removing bankruptcies, liens, judgments, charge-offs, late payments, foreclosures, repossessions, and other negative information from the consumer's credit reports; and

C. Misrepresenting any fact material to a consumer's decision to purchase defendants' services or products.

## II.

**IT IS FURTHER ORDERED** that defendants, their successors, assigns, officers, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division or other device, are hereby permanently restrained and enjoined from charging or receiving any money or other valuable consideration for services which Defendants have agreed to perform for the purpose of improving any consumer's credit record, credit history, or credit report before all such services have been fully performed.

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC                4

### III.

**IT IS FURTHER ORDERED** that defendants, their successors, assigns, officers, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division or other device, are hereby permanently restrained and enjoined from violating the Credit Repair Organizations Act, ("CROA"), 15 U.S.C. §§ 1679-1679j, as presently enacted or as it may hereinafter be amended, by, including but not limited to:

- A. Violating 15 U.S.C. § 1679c(a) by failing to provide consumers with a written statement of consumer credit file rights under state and federal law at the time and in the manner prescribed therein;

- B. Violating 15 U.S.C. § 1679b(a)(1) by making any untrue or misleading statement, or counseling or advising any consumer to make any untrue or misleading statement, with respect to any consumer's credit worthiness, credit standing, or credit capacity to any consumer reporting agency as defined in 15 U.S.C. § 1681(f) or to any person who has extended credit to the consumer or to whom the consumer has applied or is applying for an extension of credit;

- C. Violating 15 U.S.C. § 1679b(a)(3) by making or using any untrue or misleading representation of the services of a credit repair organization.

- D. Violating 15 U.S.C. §§ 1679d(a), 1679d(b)(4), or 1679e(b), by providing services to consumers without first having the consumers sign written contracts that:

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC

5

1. include a prescribed statement of the consumer's right to cancel the transaction within three business days; and

2. are accompanied by a notice of cancellation in the form and manner prescribed.

IV.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, the defendants shall:

A. Notify each credit bureau to which defendants previously reported any non-payment by any of defendants' customers or clients (with the intent or result that a negative item was placed on the customer's or client's credit report) that such negative item should be removed from the customer's or client's credit report.

B. Notify each of defendants' customers or clients who are paying for services previously provided or contracted that the customers or clients are no longer obligated to continue paying for defendants' services, unless the customer or client executes a request for continuation of services on a form that is pre-approved by the Federal Trade Commission. Defendants are enjoined from collecting any money from any customer or client who does not execute such a form.

V.

**IT IS FURTHER ORDERED** that the United States' agreement to and the Court's approval of this Stipulated Judgment and Order are expressly premised upon the truthfulness, accuracy, and completeness of the financial statements and information provided by defendants and their counsel to the United States. If, upon motion by the United States, this Court finds that


N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC

6

any of such financial statements failed to disclose any asset the value of which exceeds $1,000, or materially misrepresented the value of any asset, or made any other material misrepresentations in or omissions of assets, the United States may request that this Stipulated Judgment and Order be reopened for the purpose of requiring restitution or additional civil penalties from the defendant(s) who made such misrepresentation(s); provided however, that in all other respects this Stipulated Judgment and Order shall remain in full force and effect unless otherwise ordered by this Court; and provided further, that proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies available by law. Solely for the purposes of reopening or enforcing this Paragraph, Defendants waive any right to contest any of the allegations set forth in the Complaint filed in this matter.

## VI.

**IT IS FURTHER ORDERED** that, in order to facilitate monitoring of compliance with the provisions of this permanent injunction,

A. Andrea L. Christie shall, for five (5) years after the date of entry of this Order:

1. Notify the Commission in writing, within thirty (30) days after service of this Order, of current residential address and telephone number(s), and employment status, including the name and business addresses of her current employer(s), if any;

2. Notify the Commission in writing within thirty (30) days of any change in her residential address or telephone number(s) and provide such new address and number(s);

3. Notify the Commission in writing within thirty (30) days of any change in

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC                          7

employment status; such notice shall include the name, address, and telephone number(s) of her new employer(s), a statement of the nature of the businesses of her employer(s), and statements of duties and responsibilities in connection with the business(es);

B. Defendants shall, for five (5) years after the date of entry of this Order:

1. Notify the Commission in writing at least thirty (30) days prior to the effective date of any proposed change in the structure of any business entity owned or controlled by any of them, such as creation, incorporation, dissolution, assignment, sale, creation or dissolution of subsidiaries, or any other changes that may affect compliance obligations arising out of this Order;

2. Upon reasonable written notice from the Commission, permit duly authorized representatives of the Commission access during normal business hours to the offices of any company under the control of any of them, wherever located, to inspect and to copy all documents belonging to any of them and all documents of any company owned or controlled by any of them in whole or in part, relating in any way to any conduct subject to this Order;

3. Refrain from interfering with duly authorized representatives of the Commission who wish to interview upon reasonable written notice, the employers, agents, and employees of Defendants (who may have counsel present) relating in any way to any conduct subject to this Order;

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC    8

4. Upon thirty (30) days' written notice by any duly authorized representative of the Commission submit written reports (under oath, if requested) and produce documents with respect to any conduct subject to this Order;

5. Appear on fifteen (15) days' notice for deposition with respect to any conduct subject to this Order;

6. Within ten (10) days of the entry of this decree, provide to all current employees who provide information (whether in person or on the telephone) to consumers regarding improving their credit, or who are engaged in the selling or are offering to sell goods or services related to the improvement of any consumer's credit standing or creditworthiness, a copy of this Order and secure from each such employee a signed, dated statement, in writing, acknowledging receipt of such copy, which statement shall be maintained and made available to the Commission for inspection and copying upon request;

7. Within ten (10) days of their first day of employment, deliver to all future employees who provide information (whether in person or on the telephone) to consumers regarding improving their credit, or who are engaged in selling or are offering to sell goods or services related to the improvement of any consumer's credit standing or creditworthiness, a copy of this Order and secure from each such employee a signed, dated statement, in writing, acknowledging receipt of such copy, which statement shall be maintained and made available to the Commission for inspection

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC

9

and copying upon request;

8. Within ten (10) days of their first day of employment, deliver to all employers who are engaged in selling or are offering to sell goods or services related to the improvement of any consumer's credit standing or creditworthiness a copy of this Order and maintain records of such deliveries, which statement shall be maintained and made available to the Commission for inspection and copying upon request.

9. Maintain for a period of five (5) years after the last date of dissemination and upon request make available to the Commission for inspection and copying, with respect to any representation covered by this Order:

   a. All advertisements and promotional materials containing the representations;

   b. All materials that were relied upon in disseminating the representation;

   c. All tests, reports, studies, surveys, demonstrations, or other evidence in their possession or control that contradict, qualify, or call into question the representation, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations; and

   d. All lists of purchasers of goods or services related to the improvement of any consumer's credit standing or

creditworthiness.

Provided further, that the Commission may otherwise monitor Defendants' compliance with this Order by all lawful means available, including but not limited to the use of investigators posing as consumers, potential investors, suppliers and other entities. Any notice required by this Paragraph shall be sent to the following: Associate Director, Division of Marketing Practices, Federal Trade Commission, Room H238, 6th St. and Pennsylvania Avenue, N.W., Washington, DC 20580.

## VII.

Defendants agree that this Stipulated Judgment and Order does not entitle defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and defendants further waive any rights to attorneys' fees that may arise under said provision of law.

## VIII.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for all purposes, including the purpose of enabling the parties to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation, modification or enforcement of this order, or for the punishment of violations thereof.

The parties agree and stipulate to entry of the foregoing Order as a Final Judgment in this action.



N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC                    11

| FOR THE PLAINTIFF: | FOR THE DEFENDANTS: |
|---|---|
| | *(signed)* ANDREA L. CHRISTIE<br>individually and for all defendants |

FRANK W. HUNGER
Assistant Attorney General
Civil Division
U.S. Department of Justice

J. RENÉ JOSEY
United States Attorney

*(signed)*
JOSEPH P. GRIFFITH, JR.
Assistant United States Attorney
170 Meeting Street
Charleston, SC 29402
Federal ID # 2473
(803) 727-4381

*(signed)*
DOUGLAS ROSS
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
(202) 514-1874

Of Counsel:

C. Steven Baker
Regional Director
Chicago Regional Office
55 E. Monroe St., Suite 1860
Chicago, Illinois 60603

*(signed)*
RALPH E. HOISINGTON
Attorney at Law
Seven State Street
Charleston, SC 29401
(803) 723-3130
Attorney for All Defendants

IT IS SO ORDERED, this 1st day of October, 1998.

*(signed)*
C. WESTON HOUCK
United States District Judge

N:\UDD\JGRIFFIT\CHRISTIE\CONSENT.DEC

12